UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANTIAGO COLIN-MOLINA,

                Petitioner,

v.

NATALIE ASHER, et al.,

                Respondents.

Case No. C15-666-RSL-BAT

**REPORT AND RECOMMENDATON**

Santiago Colin-Molina, proceeding through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2241 and a motion for preliminary injunction, both of which challenge the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") and seek his release from immigration detention or a bond hearing. Dkts. 1 & 2. Mr. Colin-Molina is subject to a reinstated order of removal, and his application for withholding of removal to Mexico is pending. *See id.* He has been detained by ICE since January 2015.[1] Dkt. 2-1 at 6-9.

Respondents have moved to dismiss, arguing that Mr. Colin-Molina's request for release from immigration detention or a bond hearing is premature. Dkt. 9. Respondents point out that in a number of factually analogous cases, judges in this judicial district have concluded that (1)

---

[1] The record does not clearly establish the date petitioner was arrested. Petitioner asserts that he was arrested on January 3, 2015. *See* Dkt. 1. The narrative section of the I-213 Record of Deportable Inadmissible Alien supports this claim. Dkt. 2-1 at 8. However, the I-213 is dated January 29, 2015, *id.* at 6, and respondents maintain that based on a review of ICE records, January 29, 2015, is the day Mr. Colin-Molina was arrested, Dkt. 9 at 2 n.1.

REPORT AND RECOMMENDATON- 1

the petitioners are not entitled to an order of release under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because there is no evidence that if their application for withholding of removal is denied, their native country will not accept them, and (2) the petitioners are entitled to a bond hearing if they have been detained for more than six months.  Dkt. 9 at 1-2 (collecting cases). Respondents disagree with the courts' conclusion that petitioners in this type of procedural posture are entitled to bond hearings, but maintain that even if the courts' recent findings are applied to Mr. Colin-Molina's case, he is not entitled to release because there is no evidence that Mexico will not accept him if withholding of removal is denied, and he is not entitled to a bond hearing because he has not yet been detained for more than six months.  Dkt. 9 at 2.

In response, Mr. Colin-Molina asserts—without citation to authority—that this Court has jurisdiction to conduct a hearing and release him, and asks the Court to do so.  Dkt. 10 at 2.  In the alternative, he asks "that these proceedings be stayed until after the six months has passed and the Petitioner has had a hearing before the Immigration Judge regarding his request for bond."  *Id.* at 3.

Mr. Colin-Molina's request that the Court conduct a bond hearing is unsupported and should be rejected.  Any bond hearing should be conducted by an immigration judge, not a federal district court.  Furthermore, although Mr. Colin-Molina is correct that the Court has jurisdiction to order his release, he fails to show that his detention is indefinite within the meaning of *Zadvydas*, 533 U.S. at 701, and therefore his request for release should be denied.

However, if ICE continues Mr. Colin-Molina's detention after his 180-day custody review and his release or removal is not imminent, he will be entitled to a bond hearing.  *See Diouf v. Napolitano*, 634 F.3d 1081, 1091-92 (9th Cir. 2011); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008).  Because Mr. Colin-Molina will reach the

REPORT AND RECOMMENDATON- 2

180-day mark in his detention at some point in July 2015, it makes little sense to grant either respondents' motion to dismiss or Mr. Colin-Molina's request for a stay. Instead, the Court recommends as follows:

(1) The parties should be ordered to file a joint status report on or before **August 7, 2015**, addressing the result of Mr. Colin-Molina's 180-day custody review by ICE and whether a bond hearing has occurred or been scheduled;

(2) Respondents' motion to dismiss, Dkt. 9, should be **DENIED** without prejudice to being renewed at a later date; and

(3) Petitioner's motion for preliminary injunction, Dkt. 2, should be **DENIED**. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **July 13, 2015**. The Clerk should note the matter for **July 17, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of June, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

REPORT AND RECOMMENDATON- 4